## BULLEN v. STATE OF WISCONSIN.

ERROR TO THE COUNTY COURT OF WAUKESHA COUNTY, STATE OF WISCONSIN.

No. 262.   Argued March 8, 1916.—Decided April 10, 1916.

A deed made by a resident of one State to a person of another State as trustee for certain beneficiaries of personal property consisting of stocks and bonds, donor retaining income for life and power of appointment, and providing that no portion of principal or income be paid over to any person before the donor's death unless by his direction, *held* not to amount to a transfer of the property, and the courts of the donor's State did not err in sustaining the imposition of an inheritance tax under the law of that State on the whole fund as upon a transfer intended to take effect in enjoyment after the donor's death.

A case is on one side of a statutory line or the other; and if on the safe side, it is none the worse legally because the full measure of what the law permits is availed of; to condemn an act as an evasion it must be on the wrong side of the line as indicated by the policy if not by the mere letter of the law.

Notwithstanding such deed of trust and that the trustee had possession in the other State of the certificates of stock and bonds and that State had imposed an inheritance tax thereon owing to the situs thereof, *held* that the imposition of the inheritance tax by the State in which the donor resided was not unconstitutional either as impairing the obligation of contract or as depriving the beneficiaries of their property without due process of law.

143 Wisconsin, 512, affirmed.

THE facts, which involve the constitutionality under

the due process provision of the Fourteenth Amendment
of an inheritance tax fixed upon the estate of a resident of
the State of Wisconsin, are stated in the opinion.

*Mr. John R. Montgomery*, with whom *Mr. Louis E.
Hart, Mr. Jaspersen Smith* and *Mr. Lloyd R. Steere* were
on the brief, for plaintiff in error:

The transfer taxed by Wisconsin became effective not
under the laws of Wisconsin, but solely under the laws of
another jurisdiction, and the tax violates the Fifth and
Fourteenth Amendments. *Nunnemacher* v. *State*, 129
Wisconsin, 190; *Beals* v. *State*, 139 Wisconsin, 544; *State* v.
*Pabst*, 139 Wisconsin, 561; *Re Bullen*, 143 Wisconsin, 512.

The transfer transaction occurs under or by virtue of,
or the right to receive property is derived through, the
laws of Wisconsin. The State has no extra-territorial
jurisdiction. *Bliss* v. *Bliss*, 221 Massachusetts, 201;
*Walker* v. *Mansfield*, 109 N. E. Rep. 647; *State* v. *Brevard*,
62 Nor. Car. 51; *Alvany* v. *Powell*, 55 N. Car. 51; *Bit-
tinger Est.*, 129 Pa. St. 338; *Re Joyslin Est.*, 76 Vermont,
88; *Re Swift*, 137 N. Y. 77; *Clark* v. *Clark*, 178 U. S. 186.

A decedent's personal property in a foreign jurisdiction
will be subject, in a proper case, to taxation both at home
and in the foreign State, if the laws of both States are
requisite to the legal transfer of the property at the owner's
death and it does not matter that the machinery of the
law would not need to be invoked in the particular case
(*Blackstone* v. *Miller*, 188 U. S. 189; *Mann* v. *Carter*, 74
N. H. 345; *Hopkins' Appeal*, 77 Connecticut, 644); but
an inheritance tax cannot be levied by any State unless
the operation of its law is necessary in order to effect the
transfer. *Walker* v. *Mansfield*, 109 N. E. Rep. 647; *Re
Clark Est.*, 37 Washington, 671; *Clark* v. *Treasurer*, 218
Massachusetts, 292; *Eidman* v. *Martinez*, 184 U. S. 578;
*Woodruff* v. *Atty. Gen.*, 1908 App. Cas. 508; *Moore* v.
*Ruckgaber*, 184 U. S. 593; *State* v. *Brevard*, 62 N. Car. 51;

*Alvany* v. *Powell,* 55 N. Car. 51; *Re Joyslin Est.,* 76 Vermont, 88.

The inheritance tax laws of Wisconsin and Illinois are both adopted from New York. Both are, therefore, subject to the same rules of interpretation. *Est. of Bullen,* P. R. 102; *People* v. *Griffith,* 245 Illinois, 532.

These are corollaries to the entire line of decisions by this court of questions relating to inheritance taxes. Cases *supra* and see *Mager* v. *Grima,* 8 How. 490; *Carpenter* v. *Commonwealth of Pa.,* 17 How. 456; *Scholey* v. *Rew,* 23 Wall. 331; *United States* v. *Fox,* 4 Otto, 315; *Clapp* v. *Mason,* 4 Otto, 589; *United States* v. *Perkins,* 163 U. S. 625; *Magoun* v. *Illinois Savings Bank,* 170 U. S. 283; *Knowlton* v. *Moore,* 178 U. S. 41; *Plummer* v. *Coler,* 178 U. S. 115; *Murdock* v. *Ward,* 178 U. S. 139; *Orr* v. *Gilman,* 183 U. S. 278; *Keeney* v. *New York,* 222 U. S. 525.

An inheritance tax is a lawful exercise of the taxing power "only when some necessary incident of the transfer transaction for its efficacy" upon the law of the State levying the tax. *Walker* v. *Mansfield,* 109 N. E. Rep. 647; *Tilt* v. *Kelsey,* 207 U. S. 43; *Re Howard Est.,* 80 Vermont, 489.

Inasmuch as the transfer transaction in this case could be carried to completion "without the aid of Wisconsin law," there was no transfer transaction or right to receive property under Wisconsin law. The right or privilege taxed by Wisconsin did not exist, and judgment against a citizen of the United States for a tax on something which does not exist, deprives him of his property without due process of law and takes his private property for public use without just compensation. *Union Transit Co.* v. *Kentucky,* 199 U. S. 194; *Del., Lack. & West. R. R.* v. *Pennsylvania,* 198 U. S. 341; *Louisville Ferry Co.* v. *Kentucky,* 188 U. S. 385; *Metropolitan Ins. Co.* v. *New Orleans,* 205 U. S. 395; *Buck* v. *Beach,* 206 U. S. 392; *State Tax on Foreign Held Bonds,* 15 Wall. 300; *Kentucky* v. *West India Oil Co.,* 138 Kentucky, 828.

The reason which exempts from inheritance taxation real property in a State foreign to its owner's domicile applies with equal force to the personal property held under trust assignment. Real estate in a foreign jurisdiction is never subject to an inheritance tax at the domicile of its owner. Cases *supra* and see *Connell* v. *Crosby*, 210 Illinois, 380; *Orr* v. *Gilman*, 183 U. S. 278; *Clarke* v. *Clarke*, 178 U. S. 186.

The maxim "mobilia sequuntur personam" may only be resorted to when convenience and justice so require. It is not allowed to obscure the facts when facts become important. *Blackstone* v. *Miller*, 188 U. S. 189; *Metropolitan Ins. Co.* v. *New Orleans*, 205 U. S. 395; *Union Transit Co.* v. *Kentucky*, 199 U. S. 194.

It is within the power of any citizen of the United States to fix the situs of his personal property at a place other than his domicile.

The judgment levying the Illinois Inheritance Tax being entitled to full faith and credit is conclusive on the Wisconsin courts as to the law under which the transfer transaction became effective. Cases *supra*.

The assignment in trust having been made upon actual consideration as not a gift but a valid contract and the law taxing it impairs the obligation of the contract. *Gelsthorpe* v. *Furnell*, 20 Montana, 299; *Chanler* v. *Kelsey*, 205 U. S. 466.

The levy of tax by Wisconsin on the amount already paid for the inheritance tax in Illinois is erroneous because the amount so paid never passed to the plaintiffs in error. A tax upon this deprives them of their property without due process of law. *United States* v. *Perkins*, 163 U. S. 625; *People* v. *Richardson*, 269 Illinois, 275.

Courts do not favor double taxation. Where it is necessary they regret the necessity. *Blackstone* v. *Miller*, 188 U. S. 189; *In re Strong*, 17 N. J. Law J. 234; *Keeney Est.*, 222 U. S. 525, distinguished.

*Mr. Walter Drew,* with whom *Mr. Walter C. Owen,* Attorney General of the State of Wisconsin, was on the brief, for defendant in error.

. MR. JUSTICE HOLMES delivered the opinion of the court.

This is a proceeding to fix the inheritance tax upon the estate of George Bullen, deceased, a resident of Wisconsin. The Supreme Court of the State affirmed a judgment for a tax upon a fund of nearly a million dollars which the heirs and next of kin say cannot be taxed in Wisconsin without violating the Fourteenth Amendment and the contract clause of the Constitution of the United States. 143 Wisconsin, 512.

The facts are simple. Bullen formerly had lived in Chicago and continued to do some business there after moving to Wisconsin, which he did in 1892. He kept in Chicago the bonds, stocks and notes constituting the fund and in 1902 conveyed them to the Northern Trust Company of that City upon certain trusts. In 1904 by virtue of powers reserved he repossessed himself of the fund, but in 1907 he conveyed it to the company upon the former trusts, again. The limitations, so far as material, were of relatively small sums to a sister and niece residing in Massachusetts, and, subject to those gifts, of one-third of the income to his widow for life and the rest of the income and the principal to his four sons. But the instrument contained the following clause: "Fifth. I, the donor, expressly reserve the right to direct and control the disposition of the said trust property and estate, to revoke and vacate this trust at any time during my life, to enter into and upon and take possession of the same, or any part thereof, to require a reconveyance to me of the said trust property, or any part thereof, and to dispose of it as I may see fit. During my lifetime the principal and income shall be used for such beneficiaries

and in such manner as I may from time to time appoint, and in default of any appointment during my lifetime, and, at all events, after my death, the said income and the said principal shall be applied, paid over or held as herein provided." It also declared that no portion of principal or income should be paid under some of the leading clauses before Bullen's death unless by his direction. In fact he received the whole income during his life. The Supreme Court held that an inheritance tax was due in respect of the whole fund as upon a transfer intended to take effect in enjoyment after the donor's death.

The deeds of trust were not a merely simulated transaction. Bullen made a will shortly after the first transfer, which was of similar tenor but which, it is found, 'has not been probated,' perhaps because the parties relied upon the deeds. The deeds transferred title and they had a purpose. Bullen at the time was suffering from locomotor ataxia, his wife also was in precarious health and the chief instrument contemplated the possible disability of both. The ultimate limitations would operate unless revoked, which they were not. But Bullen, as has been seen, reserved an absolute power of control over all of his gifts and exercised it during his life by a revocation, (followed, to be sure, by a reconveyance upon the same terms), and by taking all the income of the fund. The words of Lord St. Leonards apply with full force to the present attempt to escape the Wisconsin inheritance tax, "To make a distinction between a general power and a limitation in fee, is to grasp at a shadow while the substance escapes." Sugden, Powers, 8th Ed., 396. See Gray, Perpetuities, § 526b, 1st Ed., pp. 334, 335. We do not speak of evasion, because, when the law draws a line, a case is on one side of it or the other, and if on the safe side is none the worse legally that a party has availed himself to the full of what the law permits. When an act is condemmed as an evasion what is meant is that it

is on the wrong side of the line indicated by the policy if not by the mere letter of the law. What we do say is that the Supreme Court of Wisconsin was fully justified in treating Bullen's general power of disposition as equivalent to a fee for the purposes of the taxing statute, that there is no constitutional objection to its doing so, and that although Illinois also has taxed the fund, as it might, we are not aware that it has attempted to qualify the effect that Wisconsin has given to the power, and do not intimate that it could have done so, if it had tried. See *Hawley* v. *Malden*, 232 U. S. 1, 13.

The power to tax is not limited in the same way as the power to affect the transfer of property. If this fund had passed by intestate succession it would be recognized that by the traditions of our law the property is regarded as a *universitas* the succession to which is incident to the succession to the *persona* of the deceased. As the States where the property is situated, if governed by the common law, generally recognize the law of the domicil as determining the succession, it may be said that, in a practical sense at least, the law of the domicil is needed to establish the inheritance. Therefore the inheritance may be taxed at the place of domicil, whatever the limitations of power over the specific chattels may be, as is especially plain in the case of contracts and stock. *Blackstone* v. *Miller*, 188 U. S. 189, 204. *Eidman* v. *Martinez*, 184 U. S. 578, 586, 589, 590, 592. *Thomson* v. *Advocate General*, 12 Cl. & Fin. 1, 18, 21. *Frothingham* v. *Shaw*, 175 Massachusetts. 59. *Matter of Swift*, 137 N. Y. 77, 88. *Mann* v. *Carter*, 74 N. H. 345. *Appeal of Hopkins*, 77 Connecticut, 644. *Hartman's Case*, 70 N. J. Eq. 664. The same would be true of a universal succession established by will, and the notion of privity or identity of person that is recognized in these cases has been carried over to more limited bequests and in some degree to deeds. *Norcross* v. *James*, 140 Massachusetts, 188. The principle that allows the tax is to be

applied, if ever, to a disposition that operates upon the
great mass of the donor's estate and that takes effect only
upon his death, at least so far as concerns the persons be-
fore this court, the donor's widow and sons. *Lines's Es-
tate*, 155 Pa. St. 378.

It is suggested that there was a subordinate error in
not deducting the amount of the Illinois inheritance tax.
But this appears not to have been assigned in the appeal
to the Supreme Court of the State, and therefore we need
not inquire whether there was any constitutional obstacle
to the State of Wisconsin adopting the gross fund disposed
of rather than the net amount received as the measure
of the tax.

*Judgment affirmed.*