HENRY P. WERNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24497. Promulgated February 19, 1929.

*A. S. Weill, Esq., Hugh Satterlee, Esq.,* and *A. E. Graupner, Esq.,* for the petitioner.

*Frank S. Easby-Smith, Esq.,* for the respondent.

OPINION.

LITTLETON: The parties have stipulated that a profit of $2,130 was realized in the redemption of certain bonds, and the only issue to be decided is whether the action of the Commissioner was correct in denying to the petitioner the right of election to have the tax on this gain computed under the provisions of section 206 of the Revenue Act of 1921, which provides for a tax on " capital gain " realized on

the " sale or exchange of capital assets " at a different rate than that applicable to ordinary income.

The terms " capital gain " and " capital assets " are defined in section 206 as follows:

The term " capital gain " means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921;

\*      \*      \*      \*      \*      \*      \*

The term " capital assets " as used in this section means property acquired and held by the taxpayer for profit or investment for more than two years (whether or not connected with his trade or business), \* \* \*.

The parties are in agreement that the bonds in question constituted property which had been acquired and held by the petitioner for profit or investment for more than two years, and, therefore, were " capital assets " within the meaning of the statute to be considered, but they do not agree as to the interpretation to be given to the redemption of the bonds, the petitioner contending that this was a " sale or exchange " within the meaning of the foregoing provisions and the Commissioner taking the position that it was not such a sale or exchange.

We are of opinion that the redemption of these bonds constituted a " sale or exchange " within the meaning of section 206. Apparently no attempt was made to limit the character of transactions to which section 206 should apply.

An examination of the legislative history of the provision in question shows that the language, defining " capital gain " as finally enacted, appeared in the House Bill and was accepted by the Senate without change. The explanation offered by the Ways and Means Committee (which is substantially the same as that given by the Finance Committee) is found on pages 10 and 11 of its report, as follows:

The sale of farms, mineral properties, and other capital assets is now seriously retarded by the fact that gains and profits earned over a series of years are under the present law taxed as a lump sum (and the amount of surtax greatly enhanced thereby) in the year in which the profit is realized. Many such sales, with their possible profit taking and consequent increase of the tax revenue, have been blocked by this feature of the present law. In order to permit such transactions to go forward without fear of a prohibitive tax, the proposed bill, in section 206, adds a new section (207) to the income tax, providing that where the net gain derived from the sale or other disposition of capital assets would, under the ordinary procedure, be subjected to an income tax in excess of 15 per cent, the tax upon capital net gain shall be limited to that rate. It is believed that the passage of this provision would materially increase the revenue, not only because it would stimulate profit-taking transactions but because the limitation of 15 per cent is also applied to capital losses. Under present conditions there are likely to be more losses than gains.

Both Committees state that the provision is intended to be applicable to the "sale or other disposition of capital assets" and certainly the transaction before us comes within these broad terms.

Prior to the redemption of the bonds, the petitioners owned capital assets and by the redemption these assets were converted into cash. The transaction was in a sense involuntary in character as far as the petitioner was concerned, but no limitation in this respect appears in the statute and when the petitioner purchased the bonds which were subject to "call" prior to maturity it must be assumed that he took them subject to their being converted into cash at such election of the debtor corporation. The redemption of the bonds was in effect a compulsory sale thereof. The tax upon the profit should be computed at the rate specified in section 206.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*