JOHN D. McKEE, S. WALDO COLEMAN, AND THE BANK OF CALIFORNIA, N. A., TRUSTEES, JOSEPHINE C. GRANT TRUST, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN D. McKEE, S. WALDO COLEMAN, AND THE BANK OF CALIFORNIA, N. A., TRUSTEES, EDITH GRANT MAGEE TRUST, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 82177, 82178. Promulgated January 8, 1937.

*Adolphus E. Graupner, Esq.,* and *John C. Altman, Esq.,* for the petitioners.

*Dean P. Kimball, Esq.,* and *Dewey L. Shepherd, Esq.,* for the respondent.

OPINION.

SMITH: Section 101 of the Revenue Act of 1928 provides in part as follows:

(a) *Tax in case of capital net gain.*—In the case of any taxpayer, other than a corporation, who for any taxable year derives a capital net gain (as hereinafter defined in this section), there shall, at the election of the taxpayer, be levied, collected, and paid, in lieu of all other taxes imposed by this title, a tax determined as follows: a partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner as if this section had not been enacted and the total tax shall be this amount plus 12½ per centum of the capital net gain.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(c) *Definitions.*—For the purposes of this title—

(1) "Capital gain" means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921.

At the time the transactions involved in these proceedings took place, I. T. 2488, C. B. VIII–2, p. 127, was in effect and provided that profit realized upon the redemption of bonds at maturity should be treated the same as profit realized upon sales of bonds. This Board held, however, in *John H. Watson, Jr.*, 27 B. T. A. 463, overruling *Henry P. Werner*, 15 B. T. A. 482, that where bonds were paid off at maturity or pursuant to an authorized call prior to maturity the transaction was not a "sale or exchange" of such bonds and that a taxpayer who had held securities thus redeemed for more than two years was not entitled to be taxed at the capital net gain rate on the profit realized from the redemption. The Commissioner then changed his rulings by I. T. 2678, C. B. XII–1, p. 117, to bring them into accord with the Board's opinion.

The petitioners, cognizant of the provisions of section 101 of the Revenue Act of 1928 and fearing that if they held the bonds until

they matured the respondent might hold that the gains were not realized from a "sale or exchange of capital assets", decided to sell them prior to maturity. They therefore sold them on January 31, 1931, to the American Securities Co. in the manner stated in our findings of fact.

The respondent in the determination of deficiencies has treated the gains on the sales as ordinary gains and has disallowed the contentions of the petitioners that they were capital gains. In his brief he states:

The Commissioner's position is that the petitioners are not entitled to the benefit of the capital net gain section of the statute because they did not make actual sales in good faith to the American Securities Company and because the transactions were not normal business transactions even if they were actual sales and made in good faith. The transaction of each trust was not a sale but essentially a redemption.

We are of the opinion that there is no merit in the respondent's contention that the sales of the bonds were not made in good faith. The petitioners were acting for the best interests of the trusts. They desired to make the savings in tax that would accrue to the trusts if the profits were realized on a sale rather than on the redemption of the bonds. The petitioners were acting in abundant good faith in taking the steps which they took on January 31, 1931. The fact that by selling the bonds on that date they made a saving in income tax gives rise to no complaint on the part of the respondent. *United States* v. *Isham*, 17 Wall. 496; *Bullen* v. *State of Wisconsin*, 240 U. S. 625; *Iowa Bridge Co.* v. *Commissioner*, 39 Fed. (2d) 777; *Helvering* v. *Gregory*, 69 Fed. (2d) 809; affd., *Gregory* v. *Helvering*, 293 U. S. 465; *Jones* v. *Helvering*, 71 Fed. (2d) 214; certiorari denied, *Helvering* v. *Jones*, 293 U. S. 583.

Nor is there any merit in the respondent's contention that the transactions were not normal business transactions. Apparently this contention of the respondent is based upon the fact that the American Securities Co., by purchasing the bonds at par, would not by any possibility realize a gain upon the transaction. With equal truth it can be said that it would not sustain any loss; for it was known to that company, as well as to the petitioners, that the bonds were to be redeemed on February second at their par value. It is unquestionably true that the American Securities Co. purchased the bonds to accommodate the Bank of California, N. A. But this did not alter the fact that the American Securities Co. purchased the bonds on January 31.

The facts clearly show that on the morning of January 31, 1931, the petitioners were the owners of the bonds. Prior to 12 o'clock noon on January 31 they had effectively disposed of all their right,

title, and interest in and to the bonds and accepted in payment therefor a cashier's check of the American Trust Co. in the amount of $1,184,400. Although the check is in the same amount as the petitioners would have received if they had retained ownership of the bonds until the maturity date, the profit realized was nevertheless on a sale and not on the redemption of the bonds.

The petitioners are entitled to have the profits realized on the sale taxed under section 101 (a) of the Revenue Act of 1928.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*