ESTATE OF GRACE D. SINCLAIRE, DECEASED, THE FIRST NATIONAL BANK OF COLORADO SPRINGS AND REGINALD SINCLAIRE, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16099. Promulgated November 14, 1949.

*Ben S. Wendelken, Esq.*, for the petitioners.
*William B. Springer, Esq.*, for the respondent.

#### OPINION.

LEMIRE, *Judge*: This proceeding involves a deficiency in estate tax in the amount of $58,821.28. Of the several adjustments made in the return, the only one in controversy here is whether respondent erred in including in the gross estate of the decedent, Grace D. Sinclaire, the value at the date of her death of the corpus of a trust created on June 30, 1926.

The facts are set out in a written stipulation which, together with the documents attached thereto, we adopt as our findings. The material facts are as follows:

Grace D. Sinclaire died May 26, 1943, a resident of Plum Creek Ranch, Larkspur, Douglas County, Colorado. The petitioners are the qualified and acting executors of the estate of the decedent, with principal offices at Colorado Springs, Colorado. The final estate tax return was filed with the collector of internal revenue for the district of Colorado.

Under the will of her grandmother, Sarah H. Dieterich, dated December 21, 1916, decedent, then Grace Dieterich, was the beneficiary of a trust in the amount of $100,000 upon which the trustees were directed to accumulate the income until she reached the age of 21 years. She was then to receive the income periodically until she reached the age of 25 years, when the trustees were to pay over to her the corpus of the trust.

On June 30, 1926, while the decedent, then Grace Dieterich Terry, was 24 years of age, she formally executed a deed of gift to her father, Alfred E. Dieterich, transferring to him her entire interest in the above described trust fund, except for current income payments. She also transferred to him a substantial amount of personal property in the form of securities in the same instrument. The deed of gift was absolute on its face and was unqualified, unconditional, and unlimited.

Subsequently, but on the same day, Alfred E. Dieterich executed a written agreement with the National City Bank of New York and John A. Garver, by which he conveyed to them as trustees all of the property transferred to him by his daughter, the decedent, with instructions to the trustees:

To apply the net income thereof to the use of the said Grace Dieterich Terry, during her lifetime, and, upon her death, to convey, transfer and pay over the principal of the said property to such persons or corporations and for such uses and purposes as the said Grace Dieterich Terry may designate by her last will and testament, and, in default of such designation, to such persons as may then constitute her next of kin according to the laws of the State of New York then in force governing the distribution of personal property.

The trustees were authorized to retain the trust res in the form in which they received it, to invest and reinvest in any securities they deemed proper and to apply the entire income of the fund to the use of Grace Dieterich Terry, regardless of possible shrinkage of the fund due to fluctuation in value of the securities in the fund.

The original deed of gift from decedent to her father was attached to the trust instrument as "Exhibit A," and both instruments were executed on similar paper with similar type, or print. They were executed in the presence of the same witness and notary public and bound together in a single backing.

On the same day, June 30, 1926, decedent by letter directed the trustees of the trust fund held for her under her grandmother's will to deliver the principal of the fund to her father on her twenty-fifth birthday, May 10, 1927, and authorized her father to approve the trustees' accounts. The letter was witnessed by the same person who witnessed the deed of gift and the trust instrument executed the same day. Decedent's father confirmed the date of her twenty-fifth birthday in a statement appended to the letter.

On March 3, 1939, decedent executed her last will and testament in which she attempted to exercise the general power of appointment contained in the trust instrument of June 30, 1926. On or about November 24, 1944, in a proceeding of judicial settlement of the trustees' accounts of the trust created June 30, 1926, the Supreme Court of New York County, State of New York, decreed that the power of appointment contained in the trust had not been legally exercised and that the attempted exercise of the power in the decedent's will was of no legal effect. The court further decided that the true remaindermen of the trust were the next of kin of the decedent according to the laws of the State of New York in force on May 26, 1943, the date of her death, and that the next of kin were her husband, Reginald Sinclaire, and her mother, Edna Y. Oldrin. After payment of certain allowances, the trust fund was distributed in equal shares to those two persons.

The trust of June 30, 1926, was mentioned in the estate tax return filed by the petitioners, but no value was reported for estate tax purposes because of the petitioners' expressed belief that the trust assets did not pass under the power of appointment, since the power was never legally exercised. Respondent included the corpus of the trust in decedent's gross estate at a value of $191,264, under sections 811 (c) and 811 (d) (2) of the Internal Revenue Code.

The petitioners stated the value of the total gross estate reported in the estate tax return to be $567,728.56. However, the actual total value of the items reported was $544,135.56. The difference of $23,-593 represented a mathematical error. The return showed a tax of $109,849.70, and that amount was remitted with the return. The collector's office computed the tax on the basis of the correct value of the assets returned as $103,054.92 and that amount was assessed by respondent.

Respondent determined the deficiency in this proceeding by reducing the total tax determined by him by the assessed amount of $103,-054.92. The difference between the amount of tax computed and remitted by petitioners and the amount of tax assessed by respondent, amounting to $6,794.78, has never been assessed and is being held in escrow by the collector pending our determination in this proceeding.

Petitioners contend that respondent erred in including the corpus of the trust created June 30, 1926, in the gross estate of decedent for estate tax purposes. They argue that the deed of gift executed by decedent on that date to her father is unqualified, unconditional, and unlimited on its face and prevents any assumption that the gift was conditioned upon, or in consideration for, the creation of the trust in question. They argue further that the creation of the trust by decedent's father, plus the acceptance by the trustees, gives rise to a presumption of absolute ownership by him of the property, which overcomes the presumption of correctness in favor of the respondent. Respondent contends that the value of the corpus of the trust at the date of decedent's death is includible in her estate under the provisions of sections 811 (c) and 811 (d) (2), Internal Revenue Code, on the ground that in substance and reality decedent furnished all of the property and consideration for the trust and was the creator and settlor of the trust.

Section 811 (c) includes in the gross estate of a decedent subject to estate tax all property:

* * * To the extent of any interest therein * * * of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life * * * (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right * * * to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *

Section 811 (d) (2) includes in the gross estate of a decedent subject to estate tax any transfers of property on or before June 22, 1936:

* * * To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *

Although the deed of gift from decedent to her father on June 30, 1926, and the deed of trust by her father on the same date do not recite any agreement or understanding that the gift constituted the consideration for the trust, respondent's determination that there was a concert of action, or at least a tacit agreement, between the decedent and her father is presumptively correct and the burden of proof otherwise is on the petitioners. *Estate of John H. Eckhardt*, 5 T. C. 673. The recitations, or absence of them, in the instruments involved do not by themselves determine the real nature of the transfers. All the facts and circumstances attendant upon the gift and creation of the trust must be carefully scrutinized. *Estate of John H. Eckhardt, supra.*

The evidence is that the deed of gift and the trust instrument were executed on the same day on the same kind of paper with similar type in the presence of the same witness and notary public. They were bound together in one backing, the deed of gift being attached to and referred to in the trust agreement as "Exhibit A." The property interests transferred in the deed of gift were precisely the same as those transferred in the trust agreement. Petitioners contend that the instruments are absolute and unqualified on their face and that there is no evidence of any agreement between the decedent and her father as to the treatment of the property. However, petitioners have merely proved formal instruments. They have produced no evidence of any kind of the intent of the parties in executing the documents. The failure of the parties to recite in the instruments any understanding or condition upon which the gift was based does not negate the existence of such an understanding.

An examination of all the circumstances of the transfers reveals a girl 24 years of age transferring her interest in a trust created for her benefit and a group of securities which she owned outright to her father, who, on the same day, transferred the same property into a trust for her benefit. Under the trust she was to receive the income from the properties for life and she held a general power of appointment, exercisable by will, over the remainder. Thus, she retained the essential elements of complete ownership of the property. There is no evidence that decedent had any intention of making an unqualified gift of any of the property to her father. We think that in substance and reality decedent was the settlor of the trust and that her father acted only as her agent in its creation. Cf. *Lehman* v. *Commissioner*, 109 Fed. (2d) 99; certiorari denied, 310 U. S. 637; *Estate of Frederick S. Fish*, 45 B. T. A. 120; *Lorenz Iversen*, 3 T. C. 756; *Estate of George W. Sweeney*, 4 T. C. 265; affd., 152 Fed. (2d) 102.

Having concluded that decedent was in substance and reality the settlor of the trust of June 30, 1926, it follows that the value of the corpus is includible in her gross estate because it was property in which she retained the right for life to designate the remaindermen of the trust after her death within the meaning of section 811 (c), Internal Revenue Code. *Fidelity-Philadelphia Trust Co.* v. *Rothensies*, 324 U. S. 108.

Retention of the power by decedent to alter or amend the interests of the trust through exercise of the general power of appointment to designate the remaindermen and to define the interests which they might take at or after her death is enough to make the corpus of the trust includible in decedent's estate under the provisions of section 811 (d) (2), Internal Revenue Code. Cf. *Commissioner* v. *Chase*

*National Bank of New York*, 82 Fed. (2d) 157; certiorari denied, 299 U. S. 552; *Holderness* v. *Commissioner*, 86 Fed. (2d) 137; *Chickering* v. *Commissioner*, 118 Fed. (2d) 254; certiorari denied, 314 U. S. 636; *Brown* v. *Commissioner*, 119 Fed. (2d) 983; *Millard* v. *Maloney*, 121 Fed. (2d) 257; certiorari denied, 314 U. S. 636.

We conclude that respondent was correct in including the value of the corpus of the trust of June 30, 1926, in decedent's gross estate for estate tax purposes.

*Decision will be entered for the respondent.*