Estate of Antonina Toni Halberstam, also known as Toni Halberstam, Deceased, Marcel Klarmann, Executor v. Commissioner.
Estate of Halberstam v. Commissioner
Docket No. 48492.
United States Tax Court
T.C. Memo 1954-208; 1954 Tax Ct. Memo LEXIS 37; 13 T.C.M. (CCH) 1081; T.C.M. (RIA) 54318; November 30, 1954, Filed *37 The decedent reserved the right to appoint by will the remaindermen of an inter vivos trust. Held: That the value of the trust corpus is includible in decedent's estate under the provisions of sections 811(c) and 811(d)(1), 1939 Code. Frank Reiter, Esq., 101 West 30th Street, New York, N.Y., for the petitioner. Charles M. Greenspan, Esq., for the respondent. HARRON Memorandum *38 Findings of Fact and Opinion HARRON, Judge: The Commissioner determined a deficiency in estate tax in the amount of $41,298.33. The only issue for decision is whether the value, as of the date of death, of the corpus of a trust which was created by decedent on March 10, 1942, is includible in the gross estate under sections 811(c) or 811(d)(1) of the Internal Revenue Code of 1939. Other adjustments made by the Commissioner have been disposed of by stipulations of the parties. The estate tax return was filed with the collector for the third district of New York. Findings of Fact The stipulated facts are found as facts, and the stipulation, together with the attached exhibits, is incorporated herein by this reference. Antonina Toni Halberstam, also known as Toni Halberstam, died on July 28, 1950, a resident of New York City. She left a last will and testament which was duly admitted for probate in the Surrogate's Court of New York City. Marcel Klarmann is the duly appointed executor. On March 10, 1942, the decedent executed an agreement creating a trust of which her brother, Max Ariowitsch was the trustee, and her daughter, Bea Cohn-Halberstam, the income beneficiary. Decedent *39 assigned to the trustee, on the date the agreement was executed, an indebtedness due her in the amount of $40,000. The trust agreement provided, among other things, as follows: The trustee is to hold and invest the principal and is to pay the net income of the trust to the settlor's daughter, Bea Cohn-Halberstam, so long as the settlor shall live. The trust is to terminate upon the settlor's death, and the trustee is to distribute the trust principal to such of the heirs of the settlor as she shall by her will appoint and direct. In the event the settlor fails to appoint by will those of her heirs who are to take the corpus, the corpus is to be distributed to Bea Cohn-Halberstam, and if Bea Cohn-Halberstam predeceased the settlor, then to the surviving issue of Bea Cohn-Halberstam. The agreement also provided for the appointment of a successor trustee in the event of the death or resignation of a trustee prior to the termination of the trust. The pertinent provisions of the trust agreement, which is incorporated herein by this reference, are as follows: "1. (a) * * * to pay over the net balance of the said income, in at least quarterly annual installments, to Bea Cohn-Halberstam *40 * * * the daughter of the Settlor, so long as the Settlor shall live; and "(b) Upon the death of the Settlor, to pay over the principal of the said sum, either in cash or in the form it may then be invested, to such of the heirs of the Settlor as she shall, by her last will and testament, appoint and direct. In the absence of the exercise of such appointment by the Settlor, then to pay over the same to Bea Cohn-Halberstam; if she has predeceased the Settlor, then to pay over the said sum to the issue of Bea Cohn-Halberstam then surviving." The trust agreement was in effect as of the date of the decedent's death. The decedent died without exercising the power which she retained under the trust agreement to appoint by will the trust corpus among her heirs. Bea Cohn-Halberstam survived the decedent. The value of the trust corpus as of the date of decedent's death, $38,922.13, has been stipulated. The value of the trust corpus as of the date of death was not included in the decedent's gross estate as reported. In determining the deficiency, respondent included in the gross estate the value of the trust corpus. Respondent, in determining the deficiency, also disallowed a charitable *41 deduction claimed in the return in the amount of $10,000; and he disallowed a credit against the tax for New York State inheritance taxes. Respondent now concedes that each of the above determinations was erroneous. Opinion The only question to be decided is whether the value, at the date of the settlor's death, of an inter-vivos trust, is includible in the gross estate of the settlor, as respondent has determined. It is held that respondent properly included the trust in the estate of the settlor-decedent. She retained until the time of her death the power to designate who would receive the trust corpus upon termination of the trust. It is true that in the trust instrument, the settlor named one of her children, Bea Cohn-Halberstam, as the beneficiary of the trust corpus, i.e., the remainderman, but she reserved power to name in her last will, remaindermen among her "heirs", and, obviously, this reserved power represented the right to either appoint other heirs than Bea to receive the trust corpus, or to name other heirs to share with Bea in the distribution of the corpus, in which event the share of Bea would be changed and reduced. Such power was in the settlor until her death. *42 It sweeps the trust corpus into her gross estate. The authorities are against the contention of the petitioner, and, therefore, we must sustain the respondent's determination. See Fidelity-Philadelphia Trust Co. v. Rothensies, 324 U.S. 108; Estate of Grace D. Sinclaire, 13 T.C. 742, 746; William Korn et al., Executors, 35 B.T.A. 1071; Stewart W. Bowers, Trustee, 34 B.T.A. 597; Commissioner v. Chase National Bank, 82 Fed. (2d) 157, certiorari denied, 299 U.S. 552; Holderness v. Commissioner, 86 Fed. (2d) 137, affirming 33 B.T.A. 155. It is held that the value of the trust corpus is includible in the decedent's gross estate under the provisions of section 811(c) and 811(d)(1) of the Internal Revenue Code of 1939. Because the petitioner is entitled to deductions for New York State Inheritance Taxes, upon which the parties are agreed, and a deduction of $10,000 for a charitable bequest, Decision will be entered under Rule 50.