Argued October 29, 1935.
We are of opinion that the right of the plaintiff, in this action of assumpsit, to a summary judgment for want of a sufficient affidavit of defense is not clear enough to warrant an affirmance of the judgment entered in the court below.
The plaintiff building and loan association, on February 28, 1930, took a mortgage for $8,000 from the owner of property 7916 Ardleigh Street, Philadelphia. The defendant building and loan association on December 14, 1931 became the real and registered owner of said premises. Subsequently the plaintiff instituted foreclosure proceedings under the mortgage and purchased the real estate at sheriff's sale on April 1, 1935. Afterwards it paid taxes which had been assessed against the real estate for the years 1932, 1933, 1934 and 1935, and were unpaid, amounting to $1,090.74, to recover which it brought this action against the defendant.
The defendant did not deny liability for the taxes for the years 1932, 1933 and 1934, and paid the plaintiff $898.64, after judgment was entered against it for that amount; but it denied liability for the taxes for 1935, $200.26, because, it averred, it was not the registered nor the real owner of said real estate after December *Page 238 
24, 1934, when the same was conveyed by it to one John Donlan, who, the same day, conveyed it to Equity Buyers, Inc., a Pennsylvania corporation, by deed duly recorded and registered.
The plaintiff in its statement of claim, sought to anticipate the defense presented by the defendant and averred, in substance, that Donlan was a mere straw man set up by defendant for the purpose of executing a mortgage on said real estate to defendant and then conveying same to Equity Buyers, Inc.; and that the conveyance to Equity Buyers, Inc., was only a colorable transaction devised by defendant for the purpose of evading its liability for the taxes for the year 1935, and that defendant remained the real owner of said premises until the sheriff's sale on April 1, 1935.
The affidavit of defense denied that the transaction was colorable or that it was the real owner of said real estate after the conveyance to Equity Buyers, Inc., on December 24, 1934; and averred that it, the defendant, did not by any colorable or other transaction, retain any interest whatever in said real estate other than a mortgage given to it by Donlan while he was owner of said real estate; and that there are not and never have been any agreements, oral or written, express or implied, or any understanding, between it and the said Donlan, or the said Equity Buyers, Inc., relating to the said real estate other than the bond and mortgage given to it by Donlan as aforesaid.
We think the affidavit of defense was sufficient to prevent a summary judgment.
If, on the trial, it can be shown that there is any trust
relation between the defendant and Equity Buyers, Inc., or any agreement or understanding as to the latter's holding title to the real estate for, or on behalf of, the defendant, judgment should be entered for the plaintiff.
But the mere fact that the defendant may have been *Page 239 
concerned in the organization of Equity Buyers, Inc., and may have a substantial interest in its corporate stock, does not, of itself, create a trust relation between them which renders the conveyance a sham and continues the tax liability of the defendant as real owner.
If A is the owner of real estate which is so heavily encumbered as to make its ownership a burden, he may not escape tax liability by conveying it to a straw man, who is the nominal owner, but in reality holds it for him: N. Phila. Trust Co. v. Heinel, 315 Pa. 385, 172 A. 692; but if he can find some one else who is willing to assume the burdens of ownership, on the chance of a possible profit, and he makes an outright and absolute deed of conveyance to the latter, he can rid himself of liability for future taxes by such a conveyance, even though the grantee is a person of no financial responsibility. For there is no legal requirement that the owner of property, real or personal, be financially solvent. But if there are any strings to the conveyance the attempt is futile. The taking of a mortgage from the grantee, on which the mortgagee pays a personal property tax, is not, of itself, such a string.
The result is not different if the conveyance is to a corporation, even though the grantor may be a large, or even the principal, stockholder of the corporation, provided the conveyance is absolute and without strings of any kind. One of the legitimate purposes of incorporating a company is to escape personal liability by the incorporators in the business to be carried on by the company.
If the new grantee, whether individual or corporate, is of no financial responsibility, the mortgagee can always promptly foreclose, in case of default in payment of interest, taxes, etc., and buy in the property and himself assume the burden of ownership and the accompanying liability for taxes, instead of, as is now a common practice, getting the rents, as mortgagee in *Page 240 
possession, without assumption of the reciprocal responsibilities of the owner.
To escape taxation by methods permitted by law is not illegal and is not, properly speaking, an evasion of taxation. See Bullen v. State of Wisconsin, 240 U.S. 625, 630, 631, where Mr. Justice HOLMES, speaking for the United States Supreme Court, said: "We do not speak of evasion, because, when the law draws a line, a case is on one side of it or the other, and if on the safe side is none the worse legally that a party has availed himself to the full of what the law permits. When an act is condemned as an evasion what is meant is that it is on the wrong side of the line indicated by the policy if not by the mere letter of the law."
And in Superior Oil Co. v. State of Mississippi, 280 U.S. 390,395, 396, the same great jurist said: "The only purpose of the vendor here was to escape taxation. It was not taxed in Louisiana and hoped not to be in Mississippi. The fact that it desired to evade the law, as it is called, is immaterial, because the very meaning of a line in the law is that you intentionally may go as close to it as you can if you do not pass it. Bullen v. Wisconsin, 240 U.S. 625, 6301, 631."
Nor, if, as we must assume for the purposes of this case, there was an outright and absolute conveyance by defendant of the real estate in question to Equity Buyers, Inc., was there any violation by defendant of Section 804C of the Building and Loan Association Code of May 5, 1933, P.L. 457, which reads: "An association shall not permit title to any real property of which it is in fact the owner to be carried in the name of any other corporation or person." If the conveyance is real and absolute the grantor is no longer "in fact the owner".
The judgment is reversed with a procedendo. *Page 241