Great Oak Building and Loan Association et al., Appellants, *v.* Rosenheim.

Argued January 8, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*George T. Steeley,* with him *Sidney L. Krauss,* of *Carr & Krauss,* for appellants.

*Morris Wolf,* of *Wolf, Block, Schorr & Solis-Cohen,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, March 24, 1941:

Plaintiff Building Association foreclosed certain mortgages which it held and became the owner of the properties bound by them. There were unpaid taxes on all the properties which the Building Association had to discharge. Having done so, it brought this action

against defendant, Rosenheim, to recover the amounts paid, alleging that while he was not the registered owner of the real estate at the time the taxes were levied, he was the real and beneficial owner. On the trial, at the conclusion of the evidence, the judge gave binding instructions for defendant. From judgment entered on the verdict, plaintiff, by its liquidating trustees, appeals.

Being vested with title to the properties, subject to the association's mortgages, defendant caused a corporation to be created to take title thereto. A Pennsylvania charter was applied for and issued. The corporate name was Thackeray Realty Company. The stated capital was $500.00. The stock, consisting of 100 shares, was subscribed for by three persons who were evidently dummy incorporators. They transferred their subscriptions to defendant, his wife and daughter. To him 98 shares were issued and one share each to his wife and daughter. Neither by the original incorporators nor by defendant, his wife or daughter, was the $500.00 capital, or any part of it, ever paid into the treasury of the corporation. Shortly after the grant of the charter, defendant conveyed the real estate here involved to the corporation for a nominal consideration. He admits that the conveyances were made for the purpose of relieving him from personal liability for future taxes. The minutes of the corporation recite that it was to pay defendant $500.00 in cash and take the titles subject to the mortgages. This sum was not paid. Defendant, who had been the conveyancer for the association, had stated to it that the properties were not worth the amount of the mortgages against them.

After the conveyances, defendant continued to collect the rents as he had previously done. The rents went into his bank account. The Realty Company never had a bank account. It kept no books in any real sense. After paying expenses connected with the properties, defendant retained the remainder of the rents for him-

self. He charged management fees and commissions which absorbed all the income except trifling sums which he disbursed to his wife and daughter when the Realty Company lost control of the properties after the foreclosures. No taxes were paid while title was vested in the Realty Company.

The position of appellant is that the facts as we have outlined them show that defendant was the real and beneficial owner of the properties and such being the case he cannot escape liability for the taxes. An owner of real estate cannot transfer the registered title to another, retaining the beneficial interest to himself and thereby escape liability for taxes: *North Phila. Trust Co. v. Heinel Bros., Inc.,* 315 Pa. 385, 172 A. 692. In order to escape tax liability, a registered owner must divest himself of all interest in the property and have no connection with it whatever. The conveyance must be absolute in fact, so that the grantee alone possesses the property and receives whatever avails come from it. The transaction must be complete in all its essentials. Defendant had the right to convey to a bona fide corporation and thus escape personal liability for the taxes, just as he could have conveyed to an individual whether financially responsible or not, provided no beneficial interest was reserved to himself. The mere fact that defendant may have been concerned in the organization of the corporation and may have a substantial interest in its corporate stock, does not of itself create a trust relation between them which renders the conveyance a sham and continues the tax liability of defendant as real owner: *Starling v. West Erie Avenue B. & L. Assn.,* 333 Pa. 124, 3 A. 2d 387; *Wyndmoor B. & L. Assn. v. Power B. & L. Assn.,* 121 Pa. Superior Ct. 236, 183 A. 367. But as was stated in the foregoing decisions, the law will not permit the real owner to set up another, a straw man, as registered owner while retaining the beneficial interest and thereby escape liability for taxes. We pointed out as showing the complete giving up of

the property in the Starling case that no rents had been collected by the grantor after he made his deed. That is not the situation in the present case. Here, the grantor continued to collect the rents and pocketed them under the claim that they were absorbed by a management fee and commissions which the Realty Company agreed to pay him. In result he received just what would have come to him had he retained title.

While it is true the Business Corporation Law of May 5, 1933, P. L. 364, Sec. 207, 15 PS Sec. 2852-207, provides that a certificate of incorporation "shall be conclusive evidence of the fact that the corporation has been incorporated," we are not concerned with the question as to whether the Thackeray Realty Company had been incorporated in the sense that the State had issued a charter to it, but are mindful of a strongly buttressed legal principle invoked by us in our recent decision in *Markovitz v. Markovitz,* 336 Pa. 122, 126, 8 A. 2d 36, " 'The fiction of a corporation as an entity distinct from the aggregate of individuals comprising it was designed to serve convenience and justice. There is consequently an exception recognized wherever the rule is known, namely, that the fiction will be disregarded and the individuals and corporation considered as identical whenever justice or public policy demand it and when the rights of innocent parties are not prejudiced thereby nor the theory of corporate entity made useless.' . . . 'A court of equity does not take a skin-deep view of a situation like that here presented. It looks to the substance of the transaction, not to its mere form or color, . . . and sees things as ordinary men do.' " Only last year we repeated the principle in *Edirose Silk Mfg. Co. v. First National Bank & Trust Co.,* 338 Pa. 139, 12 A. 2d 40, saying (p. 143) : "In an appropriate case . . . this Court will not hesitate to treat as identical the corporation and the individual or individuals owning all its stock and assets." To the same effect are many other cases, notably *Stony Brook Lumber Co. v. Blackman,* 286 Pa.

305, 133 A. 556; *Sulzer's Est.*, 323 Pa. 1, 185 A. 793. With this principle in mind, the paper mask of the charter, because it is nothing more, will not be permitted to hide the features of the individual behind it. What have we? A paper charter for a corporation created by defendant; nothing paid into the treasury of the paper corporation in the way of capital; all the stock issued to the defendant, his wife and daughter, nothing paid by them for it; a conveyance made by defendant to the paper corporation of properties for the acknowledged purpose of escaping liability for taxes thereon by him individually, no consideration passing for the conveyance; all the rents from the properties collected by defendant and all the avails of the properties absorbed by him under the guise of management fees and commissions, which amount to a very substantial sum during the tax years in question. In 1932, management fee, $1,725, commissions, $347.97; 1933, management fee, $1,725, commissions, $265.97; 1934, management fee, $1,575, commissions, $257; 1935, rents until the month of August, when the Building Association took possession of the properties, $1,425, the net amount of which, $437.43, remaining in the defendant's hands he paid over to himself with the exception of $4.38 to his wife and $4.37 to his daughter. Defendant, therefore, received in these four years $6,324.62. He absorbed all the income from the properties and could not have obtained more if the title had remained in him. It would, therefore, be idle to say that he had no beneficial interest in the properties and was not the real owner. To so hold would be to take, what we have said we would not take, a "skin-deep view" of the situation. Disregarding the make-believe, we feel bound to hold that the defendant was the real and beneficial owner of the properties when the taxes were assessed.

Appellee makes a point of fact that in the foreclosure proceedings, an affidavit was made by an employee in the office of the attorneys who conducted them that the

Thackeray Realty Company was the real owner of the premises. This formal affidavit was required by Rule 96 of the Rules of Court. We think under the circumstances here existing this formal affidavit is a matter of no consequence.

The judgment is reversed, with directions to the court below to enter judgment for plaintiff for the amount claimed, with interest.