Commonwealth *v.* Stone, Appellant.

Argued June 16, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Before KREIDER, J., without a jury.

*G. Thomas Miller,* with him *Bailey and Rupp,* for appellant.

*Martin H. Lock,* Assistant District Attorney, with him *Huette F. Dowling,* District Attorney, for appellee.

OPINION BY ERVIN, J., September 11, 1958:

The defendant, Stanley Stuart Stone, waived trial by jury and was found guilty of fraudulent conversion

in 19 separate cases tried together before a judge without a jury. His motions in arrest of judgment and for a new trial were overruled and sentences were imposed. Nineteen separate appeals were then taken by the defendant.

The evidence must be considered by us in the light most favorable to the Commonwealth: *Com. v. Mitchell*, 181 Pa. Superior Ct. 225, 227, 124 A. 2d 407.

The pattern of the Commonwealth's evidence was the same in each case. It disclosed that the defendant was president of Protective Credit Association, Inc., a collection agency. The Harrisburg office was under his direct supervision, control and management and he also controlled the various bank accounts of the association and was the only one authorized to sign checks. By various witnesses the Commonwealth proved that accounts were collected in behalf of clients of the association and the money, instead of being turned over to the clients, less commissions, was put into the business of the association. Mrs. Olga Gregor, a former employe of the association, testified in detail in each case as to the manner in which the records of collections were kept. These records of accounts were offered in evidence. She also testified that the defendant "ran the business" and authorized and specifically directed the preparation and mailing of all checks. Corporal Smith of the State Police testified that after the arrest of the defendant he had a conversation with him and the defendant told him he was president of the organization and that what was done was done at his direction. He also testified that the defendant told him that the moneys so collected were put back into the business by him. Marshall Gillard was called by the defense in certain cases. He was an employe of the association in charge of the Reading office. He testified that the defendant was the only one author-

ized to sign a check and that every bank account was opened and handled by the defendant. He also stated that the defendant decided all questions of policy and administration and controlled all the money. The defendant himself took the stand and admitted in certain cases that collected funds had not been remitted. It is not necessary to recite in detail the evidence in each case. We have reviewed the entire record, however, and are satisfied that there was sufficient evidence to justify the findings of the judge in each case.

Section 834 of The Penal Code, 18 PS §4834, provides: "Whoever, having received or having possession, in any capacity or by any means or manner, of any money or property, of any kind whatsoever, of or belonging to any other person, or which any other person is entitled to receive and have, fraudulently withholds, converts, or applies the same, or any part thereof, or the proceeds or any part of the proceeds, derived from the sale or other disposition thereof, to and for his own use and benefit, or to and for the use and benefit of any other person, is guilty of a felony. . . ."

The appellant contends that there must have been a demand upon the defendant to pay over the money. A demand and refusal is but one means of showing that there has been a conversion. Ordinarily, where defendant has come into possession of property lawfully, evidence of a demand and a refusal to redeliver is essential to complete the proof of a conversion: *Com. v. Winegrad*, 119 Pa. Superior Ct. 78, 180 A. 160; but the absence of a demand is not controlling where the element of actual misapplication is made out by other evidence: *Com. v. Schuster*, 158 Pa. Superior Ct. 164, 167, 44 A. 2d 303. The gist of the offense of fraudulent conversion is the withholding of another's property with the intent to defraud or deprive that other person of the use and benefit of his property and to convey or

apply the same to defendant's own use or benefit as against the owner's: *Com. v. Spiegel,* 169 Pa. Superior Ct. 252, 255, 82 A. 2d 692. What was said in this case at page 255 is apposite here: "The fact that defendant was given possession for an express purpose and knew the money was due immediately yet retained possession of the greater part of it for several months is ample evidence of his intention to apply it to his own use to the detriment of the owner. Com. v. Ryder, 80 Pa. Superior Ct. 452." The mere fact that the money in the present case was applied for the benefit of the corporation instead of to the defendant's personal use is immaterial under the language of our statute, which is as follows: ". . . to and for his own use and benefit, or to and for the use and benefit of any other person . . . ." In the present case the defendant and the company over which he had dominating control, having acquired moneys through collection which were to be turned over to the clients after the deduction of a commission, retained possession thereof for long periods of time and did not turn the same over to the clients. As was so well said by Judge KREIDER: "This alone, under the doctrine of the Spiegel case, would be ample evidence of the intention to misapply such funds." There was here, in addition, the admission of the defendant to Corporal Smith to the effect that the said funds were turned back into the business.

The appellant also contends that he cannot be held liable for the acts of the corporation. Individuals are subject to indictment for acts done under the guise of a corporation where the individual personally so dominated and controlled the corporation as to immediately direct its action: *Great Oak B. & L. A. v. Rosenheim,* 341 Pa. 132, 136, 19 A. 2d 95; *McDonald v. First National Bank of McKeesport,* 353 Pa. 29, 32, 44 A. 2d 265; *Com. v. Wooden,* 94 Pa. Superior Ct. 452, 456;

*Com. v. Keppel,* 128 Pa. Superior Ct. 80, 85, 193 A. 138; *Pearl Assurance Co. v. National Insurance Agency, Inc.,* 151 Pa. Superior Ct. 146, 158, 30 A. 2d 333.

The appellant also argues that the business records of the corporation were improperly admitted into evidence. No objection was made to the admission of these records and they may, therefore, be considered as proper evidence in the case. The defendant did move to strike out the testimony of Corporal Smith, some of which was a calculation based upon these records. The court refused to exclude the testimony of Corporal Smith. Immediately thereafter the Commonwealth offered into evidence the records and there was no objection to their admission. We, therefore, decline to pass upon the question of admissibility of the corporate records.

Appellant also argues that there was no competent proof that any money was ever delivered to him or to the corporation and that the money was not in his actual or constructive possession. There was ample testimony to prove that the defendant had the dominating control of the corporation and that all moneys were subject to his control.

Complaint is also made that the court below improperly restricted the defendant's right to cross-examine Commonwealth's witnesses. The scope and latitude of cross-examination are within the sound discretion of the trial court: *Berkley v. City of Jeannette,* 373 Pa. 376, 96 A. 2d 118; *Pantano v. Zamer Motor Sales Co.,* 170 Pa. Superior Ct. 317, 324, 85 A. 2d 681. We have reviewed this record and do not believe that there was an abuse of discretion by the court below in this connection.

Appellant also argues that the Commonwealth's evidence was not admissible because it was obtained by

unlawful search and seizure. No offer to prove the unlawfulness of the search and seizure was made by defendant and therefore we are unable to determine from this record whether there was an unlawful search and seizure. The law is well settled, however, that the admissibility of evidence is not affected by the illegality of the means through which the party has been enabled to obtain the evidence: *Com. v. Agoston,* 364 Pa. 464, 484, 72 A. 2d 575; *Com. ex rel. Koffel v. Myers,* 184 Pa. Superior Ct. 270, 273, 133 A. 2d 570.

Judgments of sentence are affirmed in each case and it is ordered that appellant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the appeal was made a supersedeas.