## City of Philadelphia v. Spotless, Inc.

*Stanley Bashman*, Assistant City Solicitor, and *David Berger*, City Solicitor, for plaintiff.

*Harry A. Rutenberg*, for defendants.

DiNUBILE, December 24, 1958.—Plaintiff, the City of Philadelphia, brought this action in equity to have

defendants declared trustees ex maleficio, and to compel them to repay to the City of Philadelphia all moneys retained by them from wage tax collections from employes during the years 1951 to 1954 inclusive, with interest and penalties thereon amounting to $1,780. It also seeks to have defendants enjoined from disposing of their assets and property, and requires discovery to ascertain the whereabouts of their assets and property, in order to enable it to collect the amounts due it.

The City of Philadelphia avers that defendant, Spotless, Incorporated, was engaged in the cleaning and dyeing business, employing more than one employe, and that wage taxes were collected from these employes and withheld without remitting these sums of money to the city.

Plaintiff also contends that the individual defendants, Aaron Needleman and David Needleman, president and secretary, respectively, of the said defendant corporation, were actively engaged in the operation, management and control of the corporation and, with it, fraudulently converted the wage taxes collected for the city to their own use and benefit.

Defendant, Spotless, Incorporated, did not enter an appearance, nor did it file an answer.

The individual defendants admit that the corporation collected the taxes and did not remit the same to the city. They deny that, as individuals, they were required to file tax returns, or that they are liable for taxes collected by defendant corporation, which used these sums for its own use.

### Findings of Fact

The following facts are based on stipulation of facts between counsel for plaintiff and the individual defendants, filed November 7, 1958.

1. That defendant, Spotless, Incorporated, during the years 1951 to 1954, was engaged in the cleaning

and dyeing business in the City of Philadelphia, during which time defendants, Aaron Needleman and David Needleman, were president and secretary, respectively. They were also the sole owners of the shares of stock in said corporation, and were its sole directors, and actively operated, managed and controlled defendant corporation, signing all documents and having full control of the corporate bank account and assets.

2. That defendant corporation deducted wage taxes due the City of Philadelphia from salaries of employes and failed to remit the same to the city, in violation of section 2 of the City Wage and Income Ordinance of December 13, 1937, P. L. 656, as amended, section 19-1502 of the Philadelphia code and section 4 of that ordinance, section 19-1504 of the Philadelphia Code.

3. That defendants, Aaron Needleman and David Needleman, knew that defendant corporation failed to pay to the city the taxes withheld and, for most of the period involved in this action, actually failed to make returns due under the law.

4. That the total amount of wage taxes withheld which are due to plaintiff is $3,255.40, together with interest and penalties.

That plaintiff did receive the sum of $1,000 on account of this sum from the referee in bankruptcy, defendant corporation having started proceedings in the United States District Court for the Eastern District of Pennsylvania

In addition thereto, the individual defendants paid to plaintiff the sum of $475, leaving a balance due plaintiff of $1,780.40.

5. That demands have been made of the individual defendants to pay the balance due, but they have failed to pay.

*Discussion.*

The individual defendants, as sole owners of the shares of stock, and as sole directors and managers of

defendant corporation, were the moving forces, not only of collecting the wage taxes from the employes, but of the fraudulent conversion of those funds by the corporation. They knew the taxes were collected; they actually diverted the moneys of the City of Philadelphia into the coffers of defendant corporation, and actually used this money for the corporation.

Under similar circumstances, an officer of a corporation was rightfully convicted of the crime of fraudulent conversion: Commonwealth v. Stone, 187 Pa. Superior Ct. 225.

The mere fact that the individual defendants have acted through a corporation to defraud the city of taxes should not act as a shield to protect them against their willful and deliberate wrong-doing to the injury of another.

The fiction of a corporation as a separate and distinct entity will be disregarded, and the corporation and the individuals comprising it considered as one and the same when justice and public policy demands it. The theory of corporate entity is not made useless: Great Oak Building & Loan Association v. Rosenheim, 341 Pa. 132, 136, 19 A. 2d 95; McDonald v. First National Bank of McKeesport, 353 Pa. 29, 32, 44 A. 2d, 265; Commonwealth v. Wooden, 94 Pa. Superior Ct. 452, 456; Commonwealth v. Keppel, 128 Pa. Superior Ct. 80, 85, 193 Atl. 138; Pearl Assurance Co. v. National Insurance Agency, Inc., 151 Pa. Superior Ct. 146, 158, 30 A. 2d 333.

Under the guise of the corporation, which the individual defendants dominated, controlled and owned, the wage taxes were used and misappropriated by defendants and used for their benefit. They are, therefore, trustees ex maleficio.

The individual defendants raised for the first time in their brief, the defense of the statute of limitations

for taxes for part of 1951. They failed to plead the statute of limitations in their pleadings and it cannot be raised now. The Pennsylvania Rules of Civil Procedure provide that the statute of limitations is to be raised in new matter. This defendants failed to do. A party waives all defenses which he does not raise in his answer: Pa. R. C. P. 1032; Filler Products, Inc. v. Corriere, 381 Pa. 394.

### Conclusions of Law

1. The court has jurisdiction over the subject matter and the parties.

2. Defendants were obligated under the city ordinance to deduct wage taxes from the wages of their employes, and were obligated to pay the money collected to the City of Philadelphia.

3. The mere fact that bankruptcy proceedings were instituted by defendant corporation, and that it was discharged in bankruptcy is no defense to the claim of the City of Philadelphia.

4. The failure of defendant corporation and the individual defendants to turn over to the City of Philadelphia the wage taxes withheld constituted fraudulent conversion of those funds.

5. By reason of said fraudulent conversion, defendants are declared to be trustees ex maleficio.

6. Plaintiff is entitled to discovery to ascertain the whereabouts of any and all of the assets of defendants in order to enable it to collect the amounts due it.

7. Defendants are enjoined from disposing, assigning or transferring any and all their assets until such time as plaintiff is paid what is due it.

8. Defendants as trustees ex maleficio are ordered and directed to pay to plaintiff all wage taxes retained by them which belong to the City of Philadelphia in the sum of $1,780.40, together with interest and penalties computed to December 15, 1958, in the sum of $1,233.34, or a total of $3,013.74 . . .