Gebhardt v. N.S. Car Wash Enterprises, Inc.

*William G. McConnell,* for plaintiff.

*Bernard Goldstone,* for defendants.

STRANAHAN, P. J., December 10, 1971.—This is a suit in assumpsit resulting from the alleged sale of certain equipment by defendants to plaintiff. Plaintiff has named N.S. Car Wash Enterprises, Inc., and Thomas Ennis as defendants.

The allegations of plaintiff's complaint endeavor to impose liability on Thomas Ennis, individually, on the theory that he is the alter ego of the N.S. Car Wash Enterprises, Inc., and that this court should permit plaintiff to "pierce the corporate veil," and impose liability on Thomas Ennis, individually.

Thomas Ennis has filed a preliminary objection on the grounds that the complaint does not allege sufficient facts which would make out a case of liability against defendant individually.

Paragraph 5 of the complaint alleges the following:

"At all times material hereto the defendant, Thomas Ennis, was the controlling and/or the majority or sole stockholder of, the chief executive officer of and a director or the sole director of the defendant, N/S Car Wash Enterprises, Inc., and in such position of authority, the defendant, Thomas Ennis, dissipated and used corporate assets for his own personal benefit, intermingled the funds of the said corporation with those of his own, and treated the operation of the business as that of an individual proprietorship rather than a corporation; and the plaintiff herein claims that under the facts set forth, the corporation is the alter ego of the defendant, Thomas Ennis, and further that the acts of Thomas Ennis in regard to the dissipation and personal use of the corporate funds and assets acted to defraud existing creditors of the said corporation, one of whom was the plaintiff to this ac-

tion, and that accordingly under the law, said corporate veil should be pierced and the defendant should be held liable jointly with the corporation for corporate debts."

The question for the court to determine is whether this allegation contains sufficient statements of fact that it sets forth circumstances which, if proved, would warrant the imposition of liability on Thomas Ennis, individually.

The courts of Pennsylvania have long recognized the fact that "the fiction of a corporation as an entity distinct from the aggregate of individuals comprising it was designed to serve convenience and justice. There is consequently an exception recognized wherever the rule is known, namely, that the fiction will be disregarded and the individuals and corporation considered as identical whenever justice or public policy demand it, and when the rights of innocent parties are not prejudiced thereby nor the theory of corporate entity made useless": Great Oak Building and Loan Association v. Rosenheim, 341 Pa. 132, page 136; S.G.V. Co. v. S.G.V. Co. 264 Pa. 265.

It therefore appears that the principle of law that plaintiff seeks to employ here is recognized in Pennsylvania, and if the circumstances are such that justice or public policy demands it the court can permit plaintiff to "pierce the corporate veil" and impose liability on defendant.

The next matter that the court must decide is whether or not there are sufficient allegations of fact alleged in the complaint to permit this principle of law to be employed if those facts are proved. It is defendant's position that the allegations are in the nature of conclusions rather than facts, and therefore the court should sustain the demurrer.

What plaintiff is endeavoring to do is to show that

defendant, Ennis, used this corporation as a personal business arrangement, and that it actually was not a separate entity, but rather a tool in his hands to transact business and still afford him with the protection that a corporation provides its individual stockholders. While plaintiff does allege certain matters which might be considered conclusions rather than statements of fact, he does allege that Thomas Ennis was the controlling or the majority or sole stockholder, the chief executive officer of and a director or the sole director of the corporation, that he used corporate assets for his personal benefits and intermingled the funds of the corporation with those of his own.

It is further alleged that this situation exists for the purpose of defrauding the creditors, one of whom is plaintiff in this action.

Allegations of fraud must comply with Pa. R. C. P. 1019(b) in that such allegations must be averred with particularity. In order to meet this test of particularity such allegations must meet the following standards:

1. The pleading must adequately explain the nature of the claim to the opposing party so as to permit him to prepare a defense, and

2. They must be sufficient to convince the court that the averments are not merely subterfuge: Bata v. Central-Penn National Bank of Philadelphia, 423 Pa. 373.

Applying this test to the pleadings it appears to this court that the allegations contained in paragraph five adequately explain the nature of plaintiff's claim against Thomas Ennis individually and if proved would be sufficient to permit the jury to impose liability on both the corporation and Thomas Ennis, individually.

The other contention of defendant is that the doc-

trine of "piercing the corporate veil" is a doctrine used only in equity cases, and since this is a suit in assumpsit, this theory cannot be employed.

Defendant does not cite any cases to sustain this novel argument and we find no merit to it. While this specific issue has not been discussed in any of the cases that we can find, yet we find Pennsylvania cases where suits in assumpsit have been filed and the court has adopted the principle of piercing the corporate veil.

In 8 A, P.L.E.96: Corporations, Section 3, the author indicates the corporate entity may be disregarded in either actions of equity or at law.

We conclude that defendant's preliminary objections are without merit and therefore must be dismissed.

### ORDER

And now, December 10, 1971, defendant's preliminary objections are dismissed.