606 A.2d 495

**COMMONWEALTH of Pennsylvania**

v.

**Gordon Schreiber MILLER, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 22, 1991.

Filed April 3, 1992.

Petition for Allowance of Appeal Denied Aug. 6, 1992.

Shawn A. Bozarth, Harrisburg, for appellant.

Andrea F. McKenna, Deputy Atty. Gen., Harrisburg, for the Com., appellee.

Before WIEAND, MONTEMURO and KELLY, JJ.

KELLY, Judge:

In this opinion we are called upon to determine, *inter alia*, whether appellant, Gordon Miller, was properly charged and convicted of false swearing, 18 Pa.C.S.A. § 4903, when a more specific charge was available under the Liquor Code, 47 Pa.S. § 4–403(b). We conclude that appellant was improperly convicted of false swearing and vacate the conviction as to that charge. In all other respects, appellant's judgment of sentence is affirmed.

The relevant facts and procedural history are as follows. Appellant entered into a written agreement to purchase Lombardo's Restaurant from the corporate entity Bob Freedman's Inc. Under the terms of the agreement, appellant was to make monthly payments of $1,000 to the shareholders and indemnify them for up to $20,000 in tax payments. Appellant was also required to renegotiate the restaurant's lease, carry all necessary insurance and comply with all relevant governmental rules and regulations. At the time of the purchase agreement, Bob Freedman's Inc. had filed for Chapter 11 bankruptcy under the Bankruptcy Code.

Subsequent to the agreement being signed, appellant met with a representative for the Attorney General's office to discuss payment of sales tax which the corporation owed and with the landlord to reaffirm and amend the restaurant's lease. He also applied for a Sunday liquor license, indicating on the application that $2,000 in sales tax had been paid when, in fact, it had not.

Appellant was thereafter tried and convicted of willful failure to file sales tax returns,[1] willful failure to file employer withholding tax returns,[2] willful failure to account for and pay over withheld income taxes,[3] and false swearing.[4] Post-verdict motions were filed and denied, and appel-

1. 72 Pa.S. § 7268(b).
2. 72 Pa.S. § 7353(c).
3. 72 Pa.S. § 7353(b).
4. 18 Pa.S. § 4903(a).

lant was sentenced to an aggregate prison term of eleven and one-half to twenty-three months imprisonment, and ordered to pay restitution of $66,540.00. This timely appeal followed.

Appellant raises the following issues for our consideration:

A. IS ONE WITH ONLY LIMITED INVOLVEMENT WITH A BUSINESS NOT PRIMARILY RESPONSIBLE FOR THE PAYMENT OF ITS TAXES?

B. SHOULD A SPECIFIC STATUTE GOVERN CONDUCT AT ISSUE RATHER THAN A GENERAL ONE?

C. IS THE COURT'S SENTENCE EXCESSIVE AND INAPPROPRIATE IN THE CIRCUMSTANCES?

Appellant's Brief at 2. We address these issues *seriatim*.

■ Appellant initially contends that he was not the individual primarily responsible for paying the taxes for the corporate entity. Appellant argues that his involvement in the business was limited and that he was never on notice or aware of his obligation to pay taxes. As a mere "interloper" who had no right to manage, control, or own the establishment, appellant concludes he cannot properly stand convicted of failure to pay the establishment's taxes.

The Commonwealth counters that the evidence clearly established appellant as the individual responsible for filing sales tax and employer withholding tax returns. The Commonwealth contends that appellant's active participation in activities incident to the operation of the restaurant and bar was sufficient to establish that he was, in fact, the individual in effective control of the business during the period of time relevant to the charges. Because appellant was primarily responsible for the operations of the restaurant, the Commonwealth concludes that appellant was properly charged, tried and convicted of the instant tax offenses.

The trial court, relying to a large extent on 18 Pa.C.S. § 307, found that the Commonwealth had met its burden of establishing that appellant was primarily responsible for the

corporation's tax payments. Section 307 states, in pertinent part:

**(e) Persons acting or under a duty to act for organizations.**

(1) A person is legally accountable for any conduct he performs or causes to be performed in the name of a corporation or an unincorporated association or in its behalf to the same extent as if it were performed in his own name or behalf.

(2) Whenever a duty to act is imposed by law upon a corporation or an unincorporated association, any agent of the corporation or association having primary responsibility for the discharge of the duty is legally accountable for a reckless omission to perform the required act to the same extent as if the duty were imposed by law directly upon himself.

18 Pa.C.S. § 307(e)(1), (2). Because the evidence, according to the trial court, established the "scope and detail of the managerial and administrative duties executed by appellant; the court concluded that appellant was guilty of the tax offenses charge.

In *Commonwealth v. Stone*, 187 Pa.Super. 225, 144 A.2d 614 (1958), *aff'd* 395 Pa. 584, 150 A.2d 871 (1959), this Court held that, "[i]ndividuals are subject to indictment under the guise of a corporation where the individual so dominated and controlled the corporation as to immediately direct its action." *Id.* 187 Pa.Super. at 229, 144 A.2d at 616. In *Commonwealth v. Klinger*, 369 Pa.Super. 526, 535 A.2d 1060 (1987), the president of a corporation attempted to escape personal liability for failing to pay a franchise tax, arguing that it was the corporation alone who was responsible. In rejecting this claim, this Court, relying on the aforementioned quote from *Commonwealth v. Stone, supra*, found that the evidence had clearly demonstrated appellant's personal control and domination over the affairs of the corporation. *Id.*, 369 Pa.Superior Ct. at 536, 535 A.2d at 1064–65. While *Klinger* did not deal specifically with 18 Pa.C.S. § 307, the Court, in a footnote, suggested that it

was arguable that appellant was "criminally responsible for nonpayment of the oil company franchise tax by virtue of 18 Pa.C.S. § 307(e) which imposes legal accountability on one acting or under a duty to act for a corporation." *Id.*, 369 Pa.Superior Ct. at 536 n. 9, 535 A.2d at 1065 n. 9.

Recently, in *Commonwealth v. Smallhoover*, 389 Pa.Super. 375, 567 A.2d 1055 (1989), this Court was asked whether the vice-president and general manager of an oil and gas company could be held individually responsible for failing to pay the company franchise tax. In concluding that he could, this Court again stated that individuals who dominate and control the affairs of a corporation so as to direct its action, may be held criminally responsible for the failure to pay corporate taxes. *Id.*, 389 Pa.Superior Ct. at 583, 567 A.2d at 1058.

Instantly, review of the record reveals that, after signing the sales contract, appellant began to exhibit control over the day to day affairs of the restaurant, including the hiring of those in management positions. *See* N.T. 10/25/89 at 67–69, 78–79. Appellant met with a representative of the Commonwealth to arrange the payment of taxes that were owed, *id.* at 50; contacted the landlord to renegotiate the lease, *id.* at 42; and applied for a Sunday liquor license, *id.* at 115. Viewing the evidence in the light most favorable to the Commonwealth, as we must,[5] this evidence sufficiently demonstrates that appellant personally controlled and/or dominated the affairs of Lombardo's Restaurant so as to subject him to criminal liability under the relevant tax statutes. Thus, this claim is without merit.

■ Appellant next contends that the Commonwealth improperly prosecuted him under a general criminal statute when a more specific and less serious statute was applicable. Specifically, appellant argues that the prosecution should have proceeded under the Liquor Code, namely section 4–403(h) instead of under the general charge of false swearing, 18 Pa.C.S. § 4903.

5. *See Commonwealth v. Bryant*, 524 Pa. 564, 567, 574 A.2d 590, 592 (1990).

62

The Commonwealth argues that because the two statutes did not prohibit the same conduct, they do not irreconcilably conflict with one another and thus, prosecution under the general was permissible. The trial court agreed. We cannot.

It is the well-settled law of this Commonwealth that prosecutions under general provisions of a penal code are prohibited where applicable special provisions are available. *Commonwealth v. Warner*, 504 Pa. 600, 606–08, 476 A.2d 341, 344 (1984); *Commonwealth v. Brown*, 346 Pa. 192, 199, 29 A.2d 793, 796–97 (1943). However, our Supreme Court has held that this general policy is only applicable "where the conflict between the statutes is irreconcilable." *Commonwealth v. Warner, supra*, 504 Pa. 476 A.2d at 344. Thus, "[e]ven if the two [statutory sections] have identical elements in the sense that the special wholly encompasses the general, so long as the general has elements outside the special, the Commonwealth is not precluded from pursuing both charges in one trial." *Id.*.

In *Commonwealth v. Warner, supra*, our Supreme Court was presented with the task of applying these rules to the question of whether one could be properly charged with both theft by deception under the Crimes Code and a violation of the Welfare Code's prohibition against making false statements. There, our Supreme Court determined that because the provision of the Welfare Code under which the defendant was prosecuted prohibited both attempts to secure and the actual securing of welfare benefits, it was not in irreconcilable conflict with the general provision of theft by deception, 18 Pa.C.S.A. § 3922(a), which pertained only to the actual cashing of welfare checks to which the defendant was not entitled. The *Warner* Court took care to observe that because there was no irreconcilable difference between the statutes on their face, pre-trial motions were not the appropriate vehicle to challenge the "propriety of the prosecutions." *Commonwealth v. Warner, supra*, 504 Pa. at 346, 476 A.2d at 345–346. The more appropriate course of action was to allow the evidence to be developed

and file post-trial motions in arrest of judgment, such as was done instantly.

■ Similarly, this Court was recently faced with the question of whether defiant trespass, 18 Pa.C.S.A. § 3503(b), should be considered a "special" penal provision where defendants are charged with breaking into a fenced enclosure. 18 Pa.C.S.A. § 3503(a). Appellants in *Commonwealth v. Evans*, 393 Pa.Super. 500, 574 A.2d 1051 (1990), had argued that because they had entered and remained in a place where they were not privileged, the Commonwealth was precluded from charging them under the general crime of criminal trespass, and was obliged to proceed under what appellants termed the special provision of "defiant trespass." 18 Pa.C.S.A. § 3503(b). In concluding that no conflict existed, this Court held:

> even if we consider defiant trespass to be a "special provision" and criminal trespass to be a "general provision," because the criminal trespass subsection of 18 Pa.C.S.A. § 3503(a) has the element of entry by subterfuge, by surreptitious remaining or by breaking, which is absent from 18 Pa.C.S.A. § 3503(b), the Commonwealth may prosecute under either or both provisions.

*Commonwealth v. Evans*, 393 Pa.Superior Ct. at 509, 574 A.2d at 1056. In reaching this conclusion, the Court remarked that the general policy forbidding prosecutions under general penal provisions (when more specific were available) had been used where the crime alleged was prohibited by both

> (1) specific forgery provisions of the Pharmacy Act and general forgery provisions of the Crimes Code, (2) specific forgery and unlawful voting provisions of the Election Code and general perjury and unsworn falsification provisions of the Crimes Code, (3) specific false statement provisions of the Unemployment Compensation Law and general false pretense provisions of the Penal Code, and (4) specific false pretense provisions of the Nonprofit Medical and Dental Service Corporation Act of 1939 and general false pretense provisions of the Penal Code.

*Id.,* 393 Pa.Superior Ct. at 508, 574 A.2d at 1055, citing *Commonwealth v. Warner I,* 309 Pa.Super. 386, 392, 455 A.2d 663, 666 (1982). Thus, where the general provision is wholly subsumed by the special, *i.e.* the general statute has no elements which may distinguish it from the special, the two statutes are said to "irreconciably conflict," and the prosecution must proceed under the special statute.

Instantly, therefore, the dispositive question posed is whether the general charge of false swearing is wholly subsumed by the special charge found in the liquor code. We find that it is.

The crime of false swearing is defined at 18 Pa.C.S.A. § 4903 as follows:

(a) **False swearing in official matters.**—A person who makes a false statement under oath or *equivalent affirmation,* or swears or affirms the truth of such a statement previously made, when he does not believe the statement to be true is guilty of a misdemeanor of the second degree if:

(1) the falsification occurs in an official proceeding; or

(2) *the falsification is intended to mislead a public servant in performing his official function.*

18 Pa.C.S.A. § 4903(a) (emphasis added).

The applicable provision of the Liquor Code provides: § 4–403 Applications for hotel, restaurant and club liquor licenses.

\* \* \* \* \* \*

(h) *If any false statement is intentionally made in any part of the application,* the affiant shall be deemed guilty of a misdemeanor and, upon conviction, shall be subject to the penalties provided by this article.

47 Pa.S. § 4–403(b). The penalty provision, § 4–471, provides for a wide range of penalties which include, but are not limited to, license suspension or revocation and fines up to five thousand dollars.

Appellant was found guilty of violating 18 Pa.C.S.A. § 4903(a)(2), making a false statement under oath with the

intent to mislead a public servant in the performance of his/her official function. The more specific section of the liquor code, Section 4–403(h), makes it a misdemeanor to intentionally make a false statement in any part of a liquor license application. Each charge contains the element of intent. Each charge contains an element of misrepresentation. The only distinction apparent is that one intentional misrepresentation is made to a person and the other on an application. However, because all liquor license applications are ultimately reviewed by officials of the Liquor Control Board, we cannot conceive of any intentional false statement being placed on an application for a liquor license (violation of § 4–403(h)) with anything other than the intent to mislead a Board official, *i.e.*, a public servant. Any such distinction, therefore, is wholly illusory. 18 Pa.C.S.A. § 4903(a)(2) contains no elements outside of the applicable provision of the Liquor Code, 47 Pa.S. § 4–403(b). Accordingly, we conclude that the specific statute under the Liquor Code precluded prosecution under the general false swearing provision of the Crimes Code, and appellant's conviction in this regard must be vacated.

■ Appellant's remaining claim is that the sentence imposed was excessive under the circumstances. This challenge is to a discretionary aspect of the sentence imposed. In *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), our Supreme Court announced that Pa.R.A.P. 2119(f) required parties seeking to challenge the discretionary aspects of sentence to set forth in a separate portion of their brief a concise statement of the reasons relied upon for seeking allowance of appeal from the discretionary aspects of sentencing. *Id.*, 513 Pa. at 511–512, 522 A.2d at 19. No 2119(f) statement can be found in appellant's brief. The Commonwealth is aware of this omission and has made a proper objection. Under these circumstances we are precluded from addressing the merits of appellant's challenge. *Commonwealth v. Tuladziecki, supra; Commonwealth v.*

*Krum,* 367 Pa.Super. 511, 518, 533 A.2d 134, 138 (1987) (*en banc*). Hence, allowance of appeal must be denied.[6]

For the foregoing reasons, appellant's conviction on the count of false swearing is vacated and appellant is discharged as to that count. In all other respects, judgment of sentence is affirmed.[7]

**6.** We note additionally that appellant has failed to raise the appearance of a substantial question. The court placed on the record the reasons for the sentence imposed and had before it and considered a presentence report. The weight to be given mitigating factors is solely within the discretion of the trial court, and absent extraordinary circumstances not present herein, we will deny allowance of appeal to such challenges. *Commonwealth v. Moran,* 369 Pa.Super. 109, 112, 534 A.2d 1103, 1104 (1987).

**7.** While we have vacated appellant's conviction of false swearing, we have not upset the trial court's sentencing scheme in the instant case. Appellant's eleven and one-half to twenty-three month sentence on the false swearing conviction was to run concurrently to the eleven and one-half to twenty-three month aggregate sentence on the remaining counts. *See* N.T. 6/13/90 at 7. Because the court's sentencing scheme has not been compromised, remand for resentencing is unnecessary. *See Commonwealth v. Goldhammer,* 512 Pa. 587, 593, 517 A.2d 1280, 1283 (1986) (when sentencing scheme is vague at best, remand for resentencing is appropriate).