2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit



6-7-2007

# Kendrick v. DA Philadelphia

Precedential or Non-Precedential: Precedential

Docket No. 02-3158

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Kendrick v. DA Philadelphia" (2007). *2007 Decisions.* Paper 850.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/850

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 02-3158

———

KEVIN KENDRICK,
                              Appellant
                    v.

THE DISTRICT ATTORNEY OF THE COUNTY OF
PHILADELPHIA;
THE ATTORNEY GENERAL OF THE STATE OF
PENNSYLVANIA;
NANCY BAILEY, SUPERINTENDENT OF FBI, FORT DIX

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 00-cv-03561)
District Judge: Honorable William H. Yohn, Jr.

———

Originally Argued January 13, 2004
Before: BECKER, ALITO, and CHERTOFF, Circuit Judges

Resubmitted May 1, 2007
Before: SLOVITER, MCKEE, and CHAGARES,
Circuit Judges[*]

———

[*]This case was argued before the panel of Judges Becker, Alito, and Chertoff on January 13, 2004. Judge Michael Chertoff subsequently resigned on February 15, 2005. Judge, now Justice, Samuel A. Alito, Jr. was elevated to the United States Supreme Court on January 31, 2006. Judge Edward R. Becker passed away on May 19, 2006. The panel was reconstituted on June 6, 2006 to consist of Judges Sloviter, McKee and Chagares.

(Filed: June 7, 2007)

Peter A. Levin    (Argued)
Philadelphia, PA l9l30

      Attorney for Appellant

Thomas W. Dolgenos
J. Hunter Bennett    (Argued)
Office of District Attorney
Philadelphia, PA l9l07-3499

      Attorneys for Appellees

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

This case comes before this court once again now that the Pennsylvania Supreme Court has answered the question of law we certified to that Court pursuant to 204 Pa. Code § 29.451(b). We review in brief the procedural history of this case.

On May 2, 1991, appellant, Kevin Kendrick, as part of a negotiated plea agreement, pled guilty in the Court of Common Pleas in Philadelphia, Pennsylvania to two counts of possession with intent to deliver a controlled substance, one count of rape, and one count of violating the Pennsylvania Corrupt Organizations Act ("PCOA"). The Commonwealth recommended that Kendrick be sentenced to two concurrent terms of five to ten years imprisonment for the two drug convictions, a consecutive term of ten to twenty years imprisonment for the rape conviction, and a term of ten to twenty years on the PCOA conviction to run concurrently to the rape conviction. The court sentenced Kendrick to an aggregate sentence of fifteen to thirty years. Kendrick did not file a direct appeal.

In 1994, Kendrick filed a petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546, arguing that his guilty plea to a violation of the PCOA was invalid because the PCOA applied only to "organized crime that infiltrated a legitimate business enterprise" and his acts were confined to a wholly illegitimate and illegal enterprise, the distribution of narcotics. While Kendrick's petition was pending, the Pennsylvania Supreme Court issued its opinion in Commonwealth v. Besch, 674 A.2d 655 (Pa. 1996), holding that the PCOA was "intended to criminalize only conduct involving otherwise legitimate business enterprises, and not enterprises (such as the drug enterprise in Besch) that were wholly illegitimate." Kendrick, 916 A.2d at 531-532. Shortly after the holding in Besch, the Pennsylvania Legislature amended the PCOA to include legitimate and illegitimate enterprises.

Kendrick amended his PCRA petition to reflect the holding in Besch. He asserted that his plea of guilty to violating the PCOA was invalid pursuant to Besch because at the time he pled guilty it was believed that the PCOA proscribed racketeering activities by both legitimate and illegal enterprises, such as the drug dealing enterprise with which he was involved. Nonetheless, his petition was denied and the Pennsylvania Superior Court affirmed the denial. Commonwealth v. Kendrick, 704 A.2d 1118 (Pa. Super. Ct. 1997). On August 18, 1999, his petition for allocatur to the Pennsylvania Supreme Court was denied as well. Commonwealth v. Kendrick, (Pa. 1999).

On July 14, 2000, Kendrick filed a petition for habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania claiming that "his guilty plea to [the PCOA] was not voluntary, knowing, and intelligent because he pled guilty to conduct that was not criminal and he contends that he should be resentenced." App. at 6a. The Magistrate Judge recommended denying the Petition on the ground that Besch does not apply retroactively to cases on collateral review. App. at 14a. The District Court adopted the Magistrate Judge's Report and Recommendation and denied Kendrick's habeas petition. App. at 2a.

On appeal, a motions panel of this court granted Kendrick a Certificate of Appealability. On January 30, 2004, after hearing oral arguments on the matter, the panel filed a Petition for Certification of a Question of Law. The question of law that we certified was as follows:

> Did the opinion in Commonwealth v. Besch, 674 A.2d 655 (Pa. 1996), establish a new rule of law that cannot be applied retroactively to cases on collateral review?

Kendrick v. Dist. Att'y of Philadelphia County, No. 02-3158 (3d Cir. Jan. 30, 2004) (petition for certification of question of law).

The Pennsylvania Supreme Court provided its answer to the certified question in the opinion it issued on February 20, 2007. See Kendrick, 916 A.2d at 531.[1] The Court reviewed the history of its interpretation of the PCOA, particularly in its opinions in Besch and Commonwealth v. Shaffer, 696 A.2d 179 (Pa. Super. 1997) ("Shaffer I"), rev'd, 734 A.2d 840 (1999) ("Shaffer II"), and the Pennsylvania legislature's 1996 amendment. In response to the certified question, the Court held that " Besch did not establish a new rule of law." Kendrick, 916 A.2d at 511. It explained that Besch "must be deemed to have merely explicated the meaning and scope of the term from the [PCOA's] original enactment in 1973." Id. at 538.

Following the issuance of the Pennsylvania Supreme Court's decision, we asked the parties to file memoranda regarding the effect of the Court's decision on this case. In his

---

[1]We express our appreciation to that court for accepting our certified question. The certified question procedure is a useful vehicle for federal courts to give the state supreme courts an opportunity to elucidate an important issue of state law, thereby avoiding erroneous predictions that will confuse rather than clarify the issue. The Supreme Court has stated that certification "does . . . in the long run save time, energy, and resources and helps build a cooperative judicial federalism." Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974).

4

response, Kendrick quotes from the statement in this court's petition for certification where we stated: "[i]f Your Honorable Court decides that Besch did not establish a new rule, then Besch represents the meaning of the PCOA at the time Kendrick pleaded guilty, and we will be obliged to set aside his PCOA conviction." Accordingly, Kendrick states that his "PCOA conviction should be set aside." The Commonwealth agrees with Kendrick that we should vacate Kendrick's conviction, which necessarily means that we should grant the writ of habeas corpus, but argues that Kendrick's aggregate sentence should remain unchanged.

Because Kendrick was convicted of a violation of the PCOA that the Pennsylvania Supreme Court has held was inapplicable, and therefore his conviction was "constitutionally invalid," see Bousley v. United States, 523 U.S. 614, 619 (1998), we will direct the District Court to grant the writ of habeas corpus to vacate Kendrick's conviction on that count.

There remains the question of the appropriate disposition of this appeal. Although Kendrick received an aggregate sentence of fifteen to thirty years imprisonment, that sentence encompassed the invalid PCOA conviction. The Commonwealth argues that there is no need to remand for resentencing. Although it eschews reliance on the concurrent sentence doctrine, stating explicitly in footnote 4 of its March 29, 2007, Memorandum Regarding Effect of Recent Decision by the Supreme Court of Pennsylvania that "the Commonwealth withdraws its 'concurrent sentence' argument," it appears to us that it is in effect arguing for the application of the concurrent sentence doctrine without using those words. It argues that "[w]here an appellate court vacates one conviction, but leaves several others intact, and where the aggregate sentence is undisturbed, a remand for resentencing is unnecessary." In support of that statement, the Commonwealth cites Commonwealth v. Miller, 606 A.2d 495 (Pa. Super), appeal denied, 611 A.2d 711 (Pa. 1992) (affirming judgment of sentence when vacating conviction of one of the underlying charges), and Commonwealth v. Owens, 649 A.2d 129 (Pa. 1994), appeal denied, 656 A.2d 118 (Pa. 1995) (declining to remand for resentencing despite illegality of one sentence

5

because sentences were to run concurrently).  <u>See also</u>
<u>Commonwealth v. Goldhammer</u>, 517 A.2d 1280 (Pa. 1986).

When this case was originally before this court, we
rejected the District Court's concurrent sentence doctrine ruling
and stated:

> We now reject the District Court's reliance on the
> concurrent sentence doctrine to dispose of this claim.  The
> doctrine is not jurisdictional, and is discretionary, and we
> decline to apply it on review of a federal habeas corpus
> claim.  <u>See</u> <u>Spencer v. Kemna</u>, 523 U.S. 1, 8-12 (1998)
> (stating that on federal habeas review, courts presume that
> a wrongful criminal conviction has continued collateral
> consequences).  This conclusion is buttressed by our lack
> of confidence that, notwithstanding the concurrent 20-
> year sentence on the (unchallenged) rape conviction, the
> (unreversed) PCOA conviction will not have collateral
> consequence (with respect to matters as effect on parole,
> possible application of recidivist statutes, potential
> impeachment in future trial and effect on pardon.)

<u>Kendrick</u>, No. 02-3158, n.1.

That ruling represents the law of the case.  In any event,
the cases relied on by the Commonwealth are not applicable
here.  This matter is before us on Kendrick's petition for a writ
of habeas corpus in which he contends that his guilty plea was
invalid because it was not entered knowingly.  None of the
Pennsylvania cases relied upon by the Commonwealth present a
comparable issue of federal constitutional law.

When the District Court, adopting the Magistrate Judge's
Report and Recommendation, denied Kendrick's petition for
writ of habeas corpus, it did not have before it the Pennsylvania
Supreme Court's recent decision holding that the PCOA count to
which Kendrick pled guilty was inapplicable.  It is certainly
possible that knowledge of that interpretation of the law would
have influenced Kendrick's decision to plead guilty.  On the
other hand, it is also possible that Kendrick would have pled
guilty to the rape charge, the sentence which was to run

6

concurrently with the PCOA sentence, even if there had been no PCOA charge. Under the circumstances, we believe it prudent to give the District Court the opportunity to make a finding as to whether Kendrick's plea was made knowingly and voluntarily. We suggest no view on that matter. We note that a similar issue arose before another panel of this court which issued an opinion in <u>McKeever v. Warden SCI-Graterford</u>, No. 05-2492, on May 10, 2007. We suggest that upon remand the District Court consider that opinion in making its determination.

For the reasons set forth above, we will vacate the order of the District Court denying the writ of habeas corpus and will remand this matter to the District Court for further proceedings consistent with this opinion.

_____