**Rodney WELLS, Appellant**

v.

**Ben VARNER; The District Attorney of the County of Philadelphia; The Attorney General of the State of Pennsylvania.**

**No. 03–3752.**

United States Court of Appeals, Third Circuit.

Aug. 3, 2009.

Rodney Wells, Dallas SCI, Dallas, PA, pro se.

Thomas W. Dolgenos, Esq., Anne Palmer, Esq., Philadelphia, PA, for Ben Varner; The District Attorney of the County of Philadelphia; The Attorney General of the State of Pennsylvania.

Before: BARRY, SMITH and GARTH, Circuit Judges.

## SUR PETITION FOR PANEL REHEARING

LEONARD I. GARTH, Circuit Judge.

The petition for panel rehearing filed by Appellant having been submitted to the judges who participated in the decision of this court and are not recused, it is hereby ORDERED that the petition for panel rehearing is GRANTED. The opinion and judgment filed May 14, 2009, 328 Fed. Appx. 128, are hereby VACATED.

The Clerk is requested to appoint a member of this Court's bar as *amicus curiae* on behalf of Appellant. On March 22, 2004, a Certificate of Appealability was granted by this Court on a single issue and therefore amicus counsel's representation is limited to the following issues:

> (1) whether Wells is "actually innocent" of his offense under Pennsylvania's Corrupt Organizations Act, 18 Pa.C.S. § 911, because he claims his conduct involved only wholly illegitimate businesses. *See Commonwealth v. Besch,* 544 Pa. 1, 674 A.2d 655 (1996) (holding that the PCOA, as originally enacted, does not apply to conduct involving only wholly illegitimate businesses); *Kendrick v. Att'y Gen. of Phil. County,* 488 F.3d 217 (3d Cir.2007) (holding that *Besch* applies retroactively to cases on

collateral review because it did not establish a new rule of law); and

> (2) what effect, if any, would the panel's decision have on Wells's sentence.

The Clerk is further requested to issue a new briefing schedule and, upon completion of briefing, to calendar this appeal before the next available regular merits panel.